FILED
IN CLERKS OFFICE

2021 SEP 13 AM 9: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHYNNA SAVATH,<br><br>Defendant | Criminal No. 21cr10269<br><br>Violations:<br><br>Counts One and Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. The defendant, CHYNNA SAVATH ("SAVATH"), was a resident of Woonsocket, Rhode Island. SAVATH was the president and owner of Thai Body Work and Deep Tissue, LLC. ("Thai Body Work").

2. Thai Body Work was a business located at 13-25 Main Street, Suite 6B, Franklin, MA 02038.

3. The Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

4.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the Paycheck Protection Program ("PPP"), which was a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll.

5.     The PPP application process required applicants to submit a loan application through an SBA-approved financial entity. The application was required to contain information about the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner, including questions relating to criminal history. Applicants were also required to make good faith certifications, including that they intend to use loan proceeds only for authorized purposes and they were not engaged in any illegal activity.

6.     The PPP loan proceeds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the program, the SBA would forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submit documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities.

7.     Another related response to the COVID-19 outbreak was an expansion of an existing disaster-related program—the Economic Injury Disaster Loan ("EIDL")—to provide for loan assistance, including advances of up to $10,000, for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could be used to pay fixed debts, payroll, accounts payable, and other bills that would have been paid had the disaster not occurred;

however such loan proceeds were not intended to replace lost sales or profits or for expansion of a business.

8. Unlike other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury and applicants applied through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner.

Scheme to Defraud

9. Since in or around 2015, SAVATH owned and operated Thai Body Work, which purported to be a legitimate massage parlor. In fact, employees at Thai Body Work engaged in commercial sex acts with customers. SAVATH was aware that commercial sex acts were being provided by employees to customers at Thai Body Work and she derived financial support from those commercial sex acts by collecting a portion of the proceeds that customers paid when they received commercial sex services.

10. Beginning on or around July 1, 2020, and continuing until at least on or around July 27, 2020, in the District of Massachusetts, SAVATH devised a scheme to defraud and to obtain EIDL and PPP funds by means of materially false and fraudulent pretenses, representations, promises, and omissions. In particular, SAVATH submitted EIDL and PPP applications that falsely certified that Thai Body Work was not engaged in any illegal activity.

11. On or about July 1, 2020, SAVATH submitted electronic EIDL and PPP applications for Thai Body Work. In the EIDL application, SAVATH certified, "Applicant is not engaged in any illegal activity (as defined by Federal guidelines)." The SBA defined "illegal activity" as "illegal activity under federal, state, or local law." In

3

the PPP application, SAVATH certified, "The Applicant is not engaged in any activity that is illegal under federal, state, or local law."

12.     SAVATH received a total of $29,646 from the EIDL program and the PPP loan program: $4,746 from the PPP loan program on or about July 2, 2020 and $24,900 under the EIDL program on or about July 27, 2020.

## COUNTS ONE AND TWO
### Wire Fraud
### (18 U.S.C. § 1343)

The United States Attorney charges:

13. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment.

14. From on or about July 1, 2020 through on or about July 27, 2020, in the District of Massachusetts, the defendant,

## CHYNNA SAVATH,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | July 1, 2020 | The EIDL Application electronically submitted by Chynna Savath, and routed interstate through the SBA's servers outside of Massachusetts. |
| 2 | July 1, 2020 | The PPP Loan Application electronically submitted by Chynna Savath, and routed interstate through routed interstate through the SBA's servers outside of Massachusetts. |

All in violation of Title 18, United State Code, Section 1343.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

15. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One and Two, the defendant,

CHYNNA SAVATH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

    a. $29,646, to be entered in the form of a forfeiture money judgment.

16. If any of the property described in Paragraph 15, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 15 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Elysa Q. Wan
ELYSA Q. WAN
Assistant United States Attorney
ALYSSA TOCHKA
LUKE GOLDWORM
Special Assistant United States Attorneys